UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANSON WILLIAM HAMM,

                Plaintiff,

     v.

SOTAP STAFF,

                Defendant.

Case No. C20-1522-MJP-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Anson Hamm has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. This Court therefore recommends that Plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.    DISCUSSION

Plaintiff is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. On October 8, 2020, Plaintiff submitted to the Court for filing

REPORT AND RECOMMENDATION - 1

a civil rights complaint under 42 U.S.C. § 1983 in which he alleged that he was mistreated while participating in the Sexual Offender Treatment and Assessment Program ("SOTAP") at the Monroe Correctional Complex-Twin Rivers Unit in 2018-19. (Dkt. # 11 at 4-5.) In particular, Plaintiff complained that he was kept in treatment for 17 months while being mentally mistreated, and that the SOTAP staff set him up for failure. (*Id*.) He also complained that the SOTAP staff improperly read his personal messages on the JPay system which resulted in infractions and the loss of good conduct time. (*Id*. at 5.) Plaintiff identified "SOTAP Staff" as the lone Defendant in his complaint. (*See id*. at 1, 3.) Plaintiff requested damages, early release from confinement, and termination of the Indeterminate Sentence Review Board's ("ISRB") jurisdiction over him. (*Id*. at 6.)

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not stated any viable claim for relief in his pleading. Thus, on November 25, 2020, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. # 12.) The Court explained therein that the complaint was deficient because Plaintiff's statement of his claim was confusing and insufficient to put Defendant on notice of his intended claims and the precise grounds upon which they rested. The Court further explained that the facts alleged in the complaint were insufficient to state a plausible claim for relief because, though Plaintiff had alleged that he was subjected to various forms of mistreatment while assigned to the SOTAP, he had not set forth facts demonstrating that the alleged mistreatment rose to the level of a constitutional violation. Finally, the Court explained that the SOTAP Staff was not an entity subject to suit under § 1983.

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct

REPORT AND RECOMMENDATION - 2

the deficiencies identified by the Court, the Court would recommend that the action be dismissed under 28 U.S.C. § 1915(e)(2)(B). To date, Plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

### III.     CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a viable claim for relief under § 1983. This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

//

//

//

//

//

//

//

//

//

REPORT AND RECOMMENDATION - 3

## IV.     OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 19, 2021**.

DATED this 27th day of January, 2021.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4